## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 BANKRUPTCY |
| | ) | |
| SECOND PROGRESSION LLC, | ) | CASE NO. 19-01253 |
| | ) | |
| DEBTOR. | ) | **NAI OPTIMUM N/K/A CUSHMAN &** |
| | ) | **WAKEFIELD'S RESISTANCE TO** |
| | ) | **MOTION TO REMOVE PROFESSIONAL** |
| | ) | **FILED BY THE DEBTOR, SECOND** |
| | ) | **PROGRESSION, LLC ON SEPTEMBER** |
| | ) | **19, 2019** |
| | ) | |
| | ) | |

COMES NOW NAI Optimum n/k/a Cushman & Wakefield ("Receiver"), through

counsel, and respectfully states in resistance to the Notice of the Motion to Remove Professional

as follows, to-wit:

1.    The Debtor's alleged claims against the Receiver and the owner of the Receiver

were dismissed out with prejudice under a ruling granting a Motion for Summary Judgment in

the state court foreclosure proceeding as concerns the Receiver and Kurt Mumm named as Third-

Party Defendants wherein the Debtor was one of four Plaintiffs. The claim that the Receiver

converted or attempted to convert rents and profits prior to the Receiver's appointment on June

20, 2017 has been disposed of in the state court litigations. A copy of Judge Fae Hoover Grinde's

September 11, 2019 Order granting the Receiver's Motion for Summary Judgment is attached

hereto as Exhibit "A" and is incorporated herein by reference.

2.    The complaint that the Receiver's counsel initiated email and telephone contacts

with Mr. Kale Roscoe has also been disposed of in the state court proceeding under Judge Fae

Hoover Grinde's September 11, 2019 Order. The claims against the Receiver were also

dismissed with prejudice under the same Order. The litigation by Aspect, Inc. involves the

Plaintiff in the foreclosure proceeding and does not concern the Third-Party Defendants NAI

Optimum n/k/a Cushman & Wakefield nor Mr. Kurt Mumm.

      3.      Neither Mr. Terpstra nor the Receiver has a "massive conflict of interest"

justifying disqualification of the Receiver and the Receiver's counsel. The Debtor previously

attempted to have the Receiver disqualified in the state court foreclosure proceeding by filing a

Motion for Disqualification which was denied by the Court on March 16, 2019. A copy of the

Motion and the Order denying the same are attached hereto respectively as Exhibits "B" and "C"

and are incorporated herein by reference.

      WHEREFORE, the Receiver and the Receiver's counsel pray that the Court deny the

relief sought by the Debtor and for such other and further Orders as the Court deems just and

appropriate in the premises.

Respectfully submitted,

H. Raymond Terpstra II  AT0007866
TERPSTRA & EPPING
3600 First Avenue NE, Suite 101
Cedar Rapids, IA  52402
Phone: (319) 364-2467
Fax:    (319) 364-0923
Email:  rterpstra@tewlaw.net
ATTORNEY FOR IOWA COMMERCIAL
ADVISORS, LLC d/b/a  CUSHMAN &
WAKEFIELD IOWA COMMERCIAL ADVISORS
f/k/a RRC DES MOINES, LLC d/b/a NAI
OPTIMUM

C:\Share\Client e files 1-1-1 l\NAI Optimum - Deutsche Bank v. Second Succession, et al\Second Progression, LLC BK (19-01253)\NAI Optimum nka Cushman & Wakefields Resistance to Motion to Remove Professional.doc

2

## CERTIFICATE OF SERVICE

I hereby certify that on ___September 30___, 2019, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to those registered to receive ECF notifications:

Mark D. Walz
Davis, Brown, Koehn, Shors & Roberts, P.C.
4201 Westown Parkway, Suite 300
West Des Moines, IA 50266
Mark.walz@lawiowa.com
*Attorney for WFRBS 2013-C18 Third Avenue SE, LLC*
*and Deutsche Bank Trust Company Americas, as Trustee for the Registered Holders of WFRBS Commercial Mortgage Trust 2013-C18*

Christopher K. Loftus
Simmons Perrine Moyer Bergman PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
cloftus@spmblaw.com
*Attorney for Aspect, Inc.*

Jeffrey Courter
Nyemaster Goode, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309-3899
*Attorney for Wellmark, Inc.*

Mark A Critelli
Critelli Law Firm PC
2924 104th St.
Urbandale, IA 50322
Email: critellilawfirm@gmail.com
*Attorney for Debtor*

L Ashley Zubal
U.S. Trustee
Federal Building
210 Walnut Street, Rm 793
Des Moines, IA 50309-2108
Email: Ashley.zubal@usdoj.gov
*Attorney for U.S. Trustee*

United States Trustee
United States Federal Courthouse
111 7th Avenue SE, Box 17
Cedar Rapids, IA 52401-2101
319-364-2211

Robert Hammeke
DENTONS US LLP
4520 Main Street, Suite 1100
Kansas City, Missouri 64111
*Attorney*

I certify under penalty of perjury that the foregoing is true and correct.

Executed on ___9-30-19___                    ___[Signature]___
            (Date)                                    (Signature)

C:\Share\Client e files 1-1-11\NAI Optimum - Deutsche Bank v. Second Succession, et al\Second Progression, LLC BK (19-01253)\NAI Optimum nka Cushman & Wakefields Resistance to Motion to Remove Professional.doc

3

E-FILED  2019 SEP 11 5:13 PM LINN - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, )<br>as Trustee for the Registered Holders of WFRBS )<br>COMMERCIAL MORTGAGE TRUST 2013-C18, )<br>COMMERCIAL MORTGAGE PASS-THROUGH )<br>CERTIFICATES, SERIES 2013-C18, )<br>     Plaintiff, )<br>)<br>v. )<br>)<br>SECOND SUCCESSION, LLC; SECOND )<br>PROGRESSION, LLC; ASPECT, INC.; MODERN )<br>PIPING, INC.; NESPER SIGN ADVERTISING, INC.; )<br>HIBU, INC.; JACOB DANIAL and LISA ROSCOE, )<br>     Defendants. ) | Case No. EQCV088053 |
| SECOND SUCCESSION, LLC; SECOND )<br>PROGRESSION, LLC; JACOB DANIAL, and LISA )<br>ROSCOE, )<br>     Counter Claim Plaintiffs, )<br>)<br>v. )<br>)<br>DEUTSCHE BANK TRUST COMPANY AMERICAS, )<br>as Trustee for the Registered Holders of WFRBS )<br>COMMERCIAL MORTGAGE TRUST 2012-C18, )<br>COMMERICIAL MORTGAGE PASS-THROUGH )<br>CERTIFICATES, SERIES 2013-C18, )<br>     Counter Claim Defendants. ) | ORDER ON VARIOUS MOTIONS<br>RELATED TO SEPTEMBER 6TH,<br>2019 HEARING |
| SECOND SUCCESSION, LLC; SECOND )<br>PROGRESSION, LLC; JACOB DANIAL and LISA )<br>ROSCOE, )<br>     Third-Party Plaintiffs, )<br>)<br>v. )<br>)<br>WELLS FARGO BANK NA COMMERICAL LOAN )<br>SERVICE, AND MIDLAND/PNC, DAVID )<br>BORNHEIMER, KURT MUMM, NAI OPTIMUM )<br>n/k/a CUSHMAN WAKEFIELD, and BASIS GROUP )<br>LLC, )<br>     Third-Party Defendants. ) | |

This matter came before the Court on September 6, 2019 for oral argument on the pending motions and discussion of any outstanding motions for trial. Trial is set for September 16, 2019.

1



E-FILED  2019 SEP 11 5:13 PM LINN - CLERK OF DISTRICT COURT

In light of the recent, extensive discussion between the parties and the Court, the Court will not rehash the procedural history and instead will directly address the issues that came before the Court on September 6, 2019. This is, at its root, a foreclosure case, involving a Lender (Plaintiff), Borrowers (Defendants/Counterclaim Plaintiffs/Third Party Plaintiffs), a receiver (Kurt Mumm and Nai Optimum), and a contractor who did work on the property (Aspect Inc.). During the pendency of the case, other parties have been involved. At this time, these are the parties remaining and prepared to proceed to trial.

The Court states at the outset that the Defendants' Motion to Continue Trial, to whatever extent it is still urged, is DENIED. The case will proceed to trial on September 16, 2019.

Based on the notification received from counsel on the evening of September 10, 2019, the Court will grant the continuance of the Aspect Inc and Plaintiff claims. The Court will set a trial scheduling conference at the request of the parties, allowing the time that may be necessary for those parties to negotiate a settlement.

## SUMMARY JUDGMENT STANDARD

"When there is no genuine issue of fact to be decided, the party with a just cause should be able to obtain a judgment promptly and without the expense and delay of trial." *Daboll v. Hoden,* 222 N.W.2d 727, 731 (Iowa 1974). "The moving party has the burden of showing the nonexistence of a material fact." *Nelson v. Lindaman,* 867 N.W.2d 1, 6 (Iowa 2015)(*citing Hlubek v. Pelecky,* 701 N.W.2d 93, 95 (Iowa 2005)).

"An issue of fact is 'material' only when the dispute involves facts which might affect the outcome of the suit, given the applicable governing law." *Nelson v. Lindaman,* 867 N.W.2d 1, 6 (Iowa 2015)(*citing Wallace v. Des Moines Indep. Cmty. Sch. Dist. Bd. of Dirs.,* 754 N.W.2d 854, 857 (Iowa 2008)).

The Court reviews "the record as we would on a motion for directed verdict." *Bazel v. Mabee,* 576 N.W.2d 385, 387 (Iowa 1998)(*citing Smith v. CRST Int'l, Inc.,* 553 N.W.2d 890, 893 (Iowa 1996)). Namely, "in the light most favorable to the party opposing summary judgment." *Sampson v. American Standard Ins. Co.,* 582 N.W.2d 146, 149 (Iowa 1998)(*citing Smith v. CRST Int'l, Inc.,* 553 N.W.2d 890, 893 (Iowa 1996)). "[E]very legitimate inference that reasonably can be deduced from the evidence should be afforded to the nonmoving party." *Konz v. Ehly,* 451 N.W.2d 504, 505 (Iowa Ct. App. 1989)(*citing Martinko v. H-N-W Associates,* 393 N.W.2d 320, 321 (Iowa 1986)). "Summary judgment is inappropriate if reasonable minds would differ on how the issue should be resolved." *Dickerson v. Mertz,* 547 N.W.2d 208, 212 (Iowa 1996).

"A party resisting a motion for summary judgment cannot rely on the mere assertions in his pleadings but must come forward with evidence to demonstrate that a genuine issue of fact is presented. The record on summary judgment includes the pleadings, depositions, affidavits, and exhibits presented." *Stevens v. Iowa Newspapers,* 728 N.W.2d 823, 827 (Iowa 2007)(*citing Carr*

*v. Bankers Trust Co.*, 546 N.W.2d 901, 903 (Iowa 1996)); *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986), *adopted in Behr v. Meredith Corp.*, 414 N.W.2d 339, 341 (Iowa 1987).

## *PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

The Court reserves ruling on the Plaintiff's Motion for Summary Judgment in light of the parties' request for a continuance to allow for settlement negotiations. In light of the continuance, the Court notes that there is no need for a jury at the trial on September 16, 2019.

## *THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

The Third Party Defendants Kurt Mumm and Nai Optimum also filed a Motion for Summary Judgement on the claims by Borrowers for Interference with existing leases/contracts and collusion, conspiracy and fraud. The Third Party Defendants assert that they neither communicated with the tenants nor participated improperly in any transaction. The Third Party Defendants further assert that they participated only in their capacity as receiver only after receiving the appointment of receivership.

The Third-Party Plaintiffs allege a material dispute of facts, namely that they believe they have knowledge that Mumm and Nai Optimum did talk to the tenants and make improper arrangements to participate in the purchase of the property prior to and outside of their responsibilities as Receiver.

The Court notes, as did the Third Party Defendant, that their Motion for Summary Judgment was filed on July 19, 2019. The Resistance was due within 15 days according to the Iowa Rules of Civil Procedure and the Court's order. On August 2, 2019, Third Party Plaintiff filed a Motion for Additional time until September 1, 2019 to file a resistance in light of depositions that were to be completed in August. The Court granted the extension until August 19, 2019. The Resistance was not actually filed until August 30, 2019 and the memorandum of support was filed separately on September 3, 2019. Therefore, the Resistance was untimely.

1. **Interference with Existing Leases/Contracts and Collusion, Conspiracy, and Fraud**

To prove tortious interference with a contract, Borrowers must prove:

> (1) Plaintiff had a contract with a third-party; (2) defendant knew of the contract; (3) defendant intentionally and improperly interfered with the contract; (4) the interference caused the third-party not to perform, or made performance more burdensome or expensive; and (5) damage to the plaintiff resulted.

*Bellino Fireworks, Inc. v. City of Ankeny, Iowa*, 332 F.Supp.3d 1071, 1097 (S.D. Iowa 2018)(citing *Green v. Racing Ass'n of Cent. Iowa*, 713 N.W.2d 234, 243 (Iowa 2006).

3

E-FILED  2019 SEP 11 5:13 PM LINN - CLERK OF DISTRICT COURT

In order to survive a motion for summary judgment, the Third-Party Plaintiffs must set forth disputed material facts. For their resistance, Third-Party Plaintiffs submitted thirty pages of disputed facts. They first state that the Roscoe deposition provides a disputed fact regarding Mumm and Bornheimer meeting with tenants and advising them not to send rent to the building owner and that the Emerson deposition shows that John Vigors, on behalf of Mumm/NAI met with Emerson regarding an investment group to buy the property on the back end.

Third Party Defendants submitted the two deposition transcripts in support of that fact. In his deposition, Mr. Emerson states that he met Mumm, "Kale," and possibly Bornheimer, and possibly one other person on the plaza after they had taken over the receivership. *Emerson Aff.* p. 133. That conversation involved an acknowledgement that they had been appointed receiver and that the property was going into foreclosure. Emerson states that he did not have a conversation with Mumm about partnering to buy the building. He states that since 2017, he has communicated with Mr. Vigors, in his capacity as the receiver. *Id.* p. 135. He did state to Plaintiff's counsel that he met Mr. Vigors at a coffee shop at one point when he was receiver and Mr. Vigors indicated he was trying to put together an investment group to buy the building on the other side of foreclosure. *Id.* p. 137. However, at that time the property was already in the control of the receiver and nothing in the deposition presented demonstrates that Mr. Vigors interfered with an outstanding contract by the Third-Party Plaintiff, or that any third party did not perform as a result or that the Third Party Plaintiff was in any way damaged in his contracts.

The Third-Party Plaintiffs provided the Roscoe deposition to the Court in an effort to show a material factual dispute. In her deposition, Roscoe states that she believes the receivers met with each of the tenants prior to being appointed as receivers. *Roscoe Depo.* p. 392. She states that she intended to have the tenants testify to these meetings at trial. *Id.* She further states that she entered into a pre-negotiation agreement with PNC Midland and that she suspected Mr. Bornheimer was "trying to lull [her] asleep to position himself." *Id.* at 394. She also mentions that Kurt Mumm was in the building already and had met with the tenants and they didn't get "the order" until that morning so they had obviously been engaged previously. The Court assumes that "the order" refers to the order that appointed Mumm as the receiver, however, the evidence submitted is unclear. Ms. Roscoe's testimony seems to be that she was to meet someone at the building and that by the time he arrived he had secured the appointment of receiver order and that she then had no choice but to let him walk through the building. She recites a portion of an argument she had in front of Kurt Mumm during which she was questioned regarding the location of deposits.

While the Court acknowledges that Ms. Roscoe believed there was inappropriate conduct on behalf of the receivers or the bank, the Court has no evidence that anything improper occurred, that the receivers directed the tenants to do anything prior to the appointment of the receivership, or that they in anyway interfered with a contract of the Third Party Plaintiffs. While the allegations may be sufficient to survive notice pleading standards, the Third Party Plaintiffs have not presented evidence of a disputed material fact.

E-FILED  2019 SEP 11 5:13 PM LINN - CLERK OF DISTRICT COURT

Therefore, the Motion for Summary Judgment by Kurt Mumm and NAI Optimum, n/k/a Cushman Wakefield is GRANTED. The third party claims for intentional and tortious interference with contracts and leases and for conspiracy, collusion, and aiding and abetting to defraud are dismissed with prejudice. All costs associated with those two claims are assessed against Second Succession, Second Progression, Lisa Roscoe and Jacob Danial.

## *PETITION TO VACATE FORECLOSURE*

Defendants/Counterclaim Plaintiffs Second Succession and Second Progression filed a Petition to Vacate Judgment and Decree on August 26, 2019 in combination with their attempt to cancel the sheriff's sale. The Court ruled on August 30, 2019, after a brief discussion via telephone with counsel, that the sheriff's sale must go forward after the immediate delay and would take place on September 12, 2019.

For completeness, the Court here also considers the accompanying Petition to Vacate the Foreclosure. The foreclosure decree was originally entered on April 9, 2019 and was amended by nunc pro tunc order on June 3, 2019. The Sheriff's Sale was originally set for August 29, 2019. The Petition to vacate was filed on August 26, 2019.

The Counterclaim Plaintiffs cite to Iowa Rule of Civil Procedure 1.1012 for the grounds to vacate or modify judgment, which include irregularity or fraud. Counterclaim Plaintiff's assert that such ground is met because the Plaintiff failed to serve the Motion for Judgment on the parties and failed to give written notice of its intent to file for default judgment.

The Court finds that the Motion to Vacate Judgment must denied. The essence of Counterclaim Plaintiff's argument is that counsel did not know that judgment was going to be entered. This simply cannot be the case.

Plaintiff originally filed its Motion for Partial Summary Judgment for foreclosure on April 19, 2018. Following a number of extensions and continuances, of which Attorney Critelli was aware by his response in agreement on May 3, 2018, the Plaintiff ultimately brought the Motion before the Court again for a ruling on March 13, 2019. The judgment ruling was not entered until nearly a month later on April 9, 2019.

By participating in the electronic filing system, counsel for the Counterclaim Plaintiffs has agreed to receive service of all documents subsequent to the original notice by electronic notification. Iowa R. Electronic P. 16.315. EDMS serves the document on all registered filers in the case and counsel has provided no evidence that notice of the request for ruling on Plaintiff's 1.981 motion was not served to him.

Therefore, the Court finds that counsel did have sufficient notice of the partial motion for summary judgment in 2018 and 2019. Further, even if he had not received the original notices, he would have been notified of the Court's ruling on both April 9, 2019 and June 3, 2019. If

5

E-FILED  2019 SEP 11 5:13 PM LINN - CLERK OF DISTRICT COURT

counsel saw reason to vacate the judgment, he should have filed the instant motion in a timely manner following the rulings as required by Iowa Rule of Civil Procedure 1.1012. However, two and a half months later, on the eve of the sheriff's sale, was not the appropriate time. Therefore, the Motion is DENIED.

### MOTION TO RECONSIDER AUGUST 30, 2019 RULING

Consistent with the Court's ruling on the Motion to Vacate Judgment, the Court similarly finds no basis to reverse its decision on the sheriff's sale and affirms again that the sale shall proceed on the morning of September 12, 2019 as scheduled.

### MOTION TO DISQUALIFY RAYMOND TERPSTRA

On August 29, 2019, Mr. Critelli, for the Defendants filed a Motion to Disqualify Raymond Terpstra as counsel for Kurt Mumm and Nai Optimum n/k/a Cushman Wakefield for improper, unethical and prejudicial communication and phone conversation with Kale Roscoe, who Defendants claim is known to be a represented party pursuant to the Iowa Rules of Professional Conduct. With that Motion, the Defendants submitted copies of an email to Mr. Terpstra, Mr. Critelli and unknown other parties from Kale Roscoe, CEO of Citdal Partners Ltd, which says "Can we have a call on this sometime tomorrow." Mr. Terpstra appears to reply that he is available in the afternoon. A second attachment shows that Kale Roscoe was included on an email from John Viggers to Mr. Terpstra for the purpose of expediting receipt of the receivership reports.

Additionally submitted with Mr. Critelli's Motion was an affidavit by Kale Roscoe stating that the email exchange was in the context of Mr. Critelli forwarding interrogatories from Mr. Terpstra to Mr. Roscoe. Mr. Terpstra was copies on the email, presumably for the purpose of letting him know that the interrogatories had been sent. Mr. Roscoe then replied to all parties on the email asking Mr. Critelli to talk with him the following day. *Roscoe Aff.* Mr. Terpstra, however, received that email and replied that he would be available in the afternoon. *Roscoe Aff.* Mr. Roscoe state that Mr. Terpstra knew or should have known that he was a partner of Defendants Second Progressions LLC and Second Successions LLC.

Mr. Terpstra, for his resistance, states that he remembers Mr. Roscoe calling about wanting to make an offer on the properties at issue and that he referred him to Mr. Critelli. *Terpstra Aff.* To Mr. Terpstra's knowledge, Mr. Roscoe was not a party to the case and Mr. Terpstra does not recall being informed by Mr. Critelli that he had communicated with his client. Mr. Terpstra refers to the organization chart attached as Exhibit A to show that the two corporations are owned by other companies and not by Mr. Roscoe in any manner. Therefore, Mr. Terpstra was not aware that Mr. Roscoe was a party. *Terpstra Aff.* p. 3.

Having considered the testimony of both parties as well as the organizational chart, the Court is unsure how Mr. Roscoe is related to this case other than by having the same name as Ms. Lisa Roscoe and some members of the organization chart. The Court is therefore unsure how

E-FILED  2019 SEP 11 5:13 PM LINN - CLERK OF DISTRICT COURT

Mr. Terpstra was to know who he was speaking with or that they were represented by Mr. Critelli. Further, according to Mr. Terpstra's testimony, the subject of their brief conversation was referred back to Mr. Critelli.

The Court finds that the basis for disqualification is not clear enough or perhaps present at all to justify disqualification of Mr. Terpstra at this point. Therefore, the Motion to disqualify is DENIED.

## *ASPECT'S APPLICATION FOR NUNC PRO TUNC OR DECLARATORY JUDGMENT*

The Court reserves ruling on Aspect's Application for Nunc Pro Tunc or Declaratory Judgment in light of the parties' request for a continuance to allow for settlement negotiations.

## *RECONSIDERATION OF ORDER TO STRIKE JURY TRIAL*

The Court reserves ruling on the request for Reconsideration of Order to Strike Jury Trial in light of the parties' request for a continuance to allow for settlement negotiations. The Court notes that in light of the continuance of Aspect's claims, there is no jury required for the trial as set for Monday, September 16, 2019.

## CONCLUSION

**It is further ordered** that Third Party Defendants Kurt Mumm and Nai Optimum n/k/a Cushman Wakefield's Motion for Summary Judgment is **GRANTED.**

**It is further ordered** that the Petition to Vacate Foreclosure is **DENIED.**

**It is further ordered** that the Motion to Disqualify Raymond Terpstra is **DENIED.**

The Motion to Continue by Aspect Inc. and Plaintiff to allow for settlement negotiations will be granted upon filing of a formal motion by those parties. Those parties are directed to advise the court within thirty (30) days of this order if they require a trial scheduling conference to schedule a trial on those claims.

**Trial remains set for September 16, 2019 on all other claims.**

**IT IS SO ORDERED.**

**Clerk to Notify.**

E-FILED  2019 SEP 11 5:13 PM LINN - CLERK OF DISTRICT COURT



State of Iowa Courts

**Type:**          OTHER ORDER

| **Case Number** | **Case Title** |
| --- | --- |
| EQCV088053 | DEUTSCHE BANK TRUST  ETAL VS SECOND SUCCESSION LLC |

So Ordered

Fae Hoover Grinde, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2019-09-11 17:13:07     page 8 of 8

E-FILED  2019 FEB 13 1:43 PM LINN - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY<br>AMERICAS, as Trustee for the Registered<br>Holders of WFRBS COMMERCIAL<br>   MORTGAGE TRUST 2013-C18,COMMERCIAL<br>MORTGAGE PASS-THROUGH<br>   CERTIFICATES, SERIES2013-C18,<br><br>                          Plaintiff,<br><br>vs.<br><br>SECOND SUCCESSION, LLC; SECOND<br>PROGRESSION, LLC; ASPECT, INC.;<br>MODERN PIPING, INC.; NESPER SIGN<br>ADVERTISING, INC.; HIBU, INC.; JACOB<br>DANIAL, and LISA ROSCOE,<br><br>                          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | EQCV088053 |

---

| | |
|---|---|
| SECOND SUCCESSION, LLC; SECOND<br>ANDTHIRD PROGRESSION, LLC; JACOB DANIAL,<br>And LISA ROSCOE,<br><br>              **Third Party Plaintiffs**<br><br>          vs.<br><br>WELLS FARGO BANK NA<br>COMMERCIAL LOAN SERVICE,<br>AND MIDLAND/PNC,<br>DAVID BORNHEIMER, KURT MUMM,<br>NAI OPTIMUM N/K/A CUSHMAN WAKEFIELD,<br>AND BASIS GROUP LLC<br><br>          **Third Party Defendants** | **THIRD PARTY PLAINTIFFS'<br>MOTION TO DISQUALIFY<br>AND REMOVE THIRD PARTY<br>DEFENDANT AND SUCESSORS AND<br>OTHER ENTITIES ACTING AS THE<br>THE RECEIVER AND APPOINT<br>AN IMPARTIAL RECEIVER** |

---

EXHIBIT "B"

E-FILED  2019 FEB 13 1:43 PM LINN - CLERK OF DISTRICT COURT

**COMES NOW** the Third Party Plaintiffs as their interests may appear, and for their

Motion to  Disqualify and Remove the Third Party Defendant  as the Receiver (and its

successors and other entities acting as Receiver from time to time) in this case and state to

the Court as follows:

NAI Optimum was made the Receiver in the instant case by Order of this Court on

June 20, 2017. Subsequently, the Court Approved the Third Party Plaintiffs' Application to

Amend their Answer and Assert Affirmative Defenses on July 30, 2018.  NAI Optimum was

thus, with Court approval, brought into the case as a Third Party Defendant. Several different

entities, not necessarily even approved by the Court, have filed reports as the Receiver and

all such entities must be disqualified as a Receiver as well.

A receiver is appointed by the Court and answerable to the Court.  *See* Rule 51:2.13:

ADMINISTRATIVE APPOINTMENTS.

Additionally, Rule 51:2.12: SUPERVISORY DUTIES provides:

"(A) A judge shall require court staff, court officials, and others subject to the judge's
direction and control to act in a manner consistent with the judge's obligations under the
Iowa Code of Judicial Conduct.

Comment
[1] A judge is responsible for his or her own conduct and for the conduct of others, such
as staff, when those persons are acting at the judge's direction or control. A judge may
not direct court personnel to engage in conduct on the judge's behalf or as the judge's
representative when such conduct would violate the Iowa Code of Judicial Conduct if
undertaken by the judge.
Comment
[1] A judge is responsible for his or her own conduct and for the conduct of others, such
as staff, when those persons are acting at the judge's direction or control. A judge may
not direct court personnel to engage in conduct on the judge's behalf or as the judge's
representative when such conduct would violate the Iowa Code of Judicial Conduct if
undertaken by the judge.

E-FILED 2019 FEB 13 1:43 PM LINN - CLERK OF DISTRICT COURT

Finally, Rule 51:2.11: DISQUALIFICATION

"(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality* might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge* of facts that are in dispute in the proceeding.

(2) The judge knows* that the judge, the judge's spouse or domestic partner,* or a person within the third degree of relationship* to either of them, or the spouse or domestic partner of such a person is:

(a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;

(b) acting as a lawyer in the proceeding;

(c) a person who has more than a de minimis* interest that could be substantially affected by the proceeding; or

(d) likely to be a material witness in the proceeding.

(3) The judge knows that he or she, individually or as a fiduciary,* or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household,* has an economic interest* in the subject matter in controversy or in a party to the proceeding.

(4) The judge knows or learns by means of disclosures mandated by law* or a timely motion that the judge's participation in a matter or proceeding would violate due process of law as a result of:

(a) campaign contributions made by donors associated* or affiliated* with a party or counsel appearing before the court, or

(b) independent campaign expenditures by a person* other than a judge's campaign committee, whose donors to the independent campaign are associated or affiliated with a party or counsel appearing before the court.

(5) The judge, while a judge or a judicial candidate,* has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy.

(6) The judge:

(a) served as a lawyer in the matter in controversy or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;

(b) served in governmental employment and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy;

(c) was a material witness concerning the matter; or

(d) previously presided as a judge over the matter in another court.

(B) A judge shall keep informed about the judge's personal and fiduciary economic interests and make a reasonable effort to keep informed about the personal economic interests of the judge's spouse or domestic partner and minor children residing in the judge's household.

E-FILED  2019 FEB 13 1:43 PM LINN - CLERK OF DISTRICT COURT

(C) A judge subject to disqualification under this rule, other than for bias or prejudice under paragraph (A)(1), may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification. If, following the disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding. The agreement shall be incorporated into the record of the proceeding.

Comment

[1] Under this rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (6) apply. The term "recusal" is used interchangeably with the term "disqualification."

[2] **A judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed.**

[3] The rule of necessity may override the rule of disqualification. For example, a judge might be required to participate in judicial review of a judicial salary statute, or might be the only judge available in a matter requiring immediate judicial action, such as a hearing on probable cause or a temporary restraining order. In matters that require immediate action, the judge must disclose on the record the basis for possible disqualification and make reasonable efforts to transfer the matter to another judge as soon as practicable.

[4] The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not itself disqualify the judge. If, however, the judge's impartiality might reasonably be questioned under paragraph (A), or the relative is known by the judge to have an interest in the law firm that could be substantially affected by the proceeding under paragraph (A)(2)(c), the judge's disqualification is required.

[5] A judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification.

[6] "Economic interest," as set forth in the terminology section, means ownership of more than a de minimis legal or equitable interest. Except for situations in which a judge participates in the management of such a legal or equitable interest, or the interest could be substantially affected by the outcome of a proceeding before a judge, it does not include:

(1) an interest in the individual holdings within a mutual or common investment fund;

(2) an interest in securities held by an educational, religious, charitable, fraternal, or civic organization in which the judge or the judge's spouse, domestic partner, parent, or child serves as a director, officer, advisor, or other participant;

(3) a deposit in a financial institution or deposits or proprietary interests the judge may maintain
as a member of a mutual savings association or credit union, or similar proprietary interests; or

(4) an interest in the issuer of government securities held by the judge.

E-FILED  2019 FEB 13 1:43 PM LINN - CLERK OF DISTRICT COURT

The Receiver has great powers and duties, subject to the supervision of the Court,

including the power to take possession of all assets of the estate in receivership, the power

to abandon or sell property of the estate, the power to operate the estate as a business or to

liquidate it, the power to prosecute and settle claims on behalf of the estate, the power to

make recommendations to the Court on granting or denying creditors' claims against the

estate, and the ability to have his or her fees paid from the assets of the estate. Appointment

or retention of a receiver with conflicts of interest violates due process. See, *Edwards v.*

*Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997); *In re Advisory Opinion to Governor* (DEPCO),

593 A.2d 943 (R.I. 1991); *Davis v. Wood*, 427 A.2d 332 (R.I. 1981). Ordinarily, only a person

who is without interest in a cause and who stands indifferent between the parties may be

appointed or retained as a receiver. *See* 65 Am.Jur.2d, "Receivers," §133 at 963 (1972). Just

as a Judge who is sued must recuse himself from adjudicating the case in which he is sued,

so must a Receiver disqualified its self from acting as a receiver in a case in which the

Receiver and associated entities is sued.

**WHEREFORE**, the Iowa Code is clear that the Receiver must be disqualified for a

conflict of interest as a Party Defendant. In light of the fact that the Receiver has never taken

steps to disqualify or recuse itself even after becoming a Third Party Defendant, the Third

Party Plaintiffs ask the Court to enter an Order disqualifying the Receiver and all successors

E-FILED  2019 FEB 13 1:43 PM LINN - CLERK OF DISTRICT COURT

as well as all other entities who have acted as Receiver in this case (having been injected into

the role of Receiver by NAI Optimum)  from acting as receiver and to appoint a fair and

impartial receiver to take over the duties of the Receiver in this matter and also for sanctions

of the cost of filing this Motion.

Respectfully submitted,

*s/Mark A. Critelli,*

AT0001868
Critelli Law Firm, P.C.
2924 104th Street
Urbandale, Iowa 50322
Telephone: 515-255-8750
Facsimile: 515-255-0906
mark@critellilawfirm.com
ATTORNEY FOR DEFENDANTS

Original filed by EDMS

Copies to attorneys of record by EDMS

Copy to:

Mark D. Walz
Davis Brown Koehn Shors & Roberts, PC The
Highland Building
4201 Westown Parkway, Suite 300 West Des
Moines, IA 50266 markwalz@davisbrownlaw.com and
Robert Hammeke (pro hac vice pending) Dentons
4520 Main Street Suite 1100 Kansas City,
Missouri 64111-7700 robert.hammeke@dentons.com
**Attorneys for Plaintiff Deutsche Bank Trust**
**Company Americas**

Jeffrey A. Stone
Simmons Perrine Moyer Bergman PLC 115 Third
St, SE, Ste 1200
Cedar Rapids, IA 52401-1266
jstone@simmonsperrine.com;**Attorney for Defendants**
**Aspect, Inc., and Modern Piping,Inc.**

Mark A. Critelli Critelli Law Firm,
PC 2924 104th Street Urbandale, IA
50322-3815
mark@critellilawfirm.com**Attorneys for**
**Defendants Second**
**Succession, LLC, Second Progression, LLC, Jacob**

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this
document was served upon counsel of record for each
party to the action in compliance with IRCP 1.442(2)
By: [  ] U.S. Mail; [  ] Fax; [  ] Hand Delivery
  [ ] Overnight Courier, [ ]EDMS [X]
  [ ] E-mail
on the 13th day of_February, 2019_

_/s/ Mark A. Critelli_

---

E-FILED  2019 FEB 13 1:43 PM LINN - CLERK OF DISTRICT COURT

**Danial and Lisa Roscoe**


H. Raymond Terpstra II Terpstra &
Epping
3600 First Avenue NE, Suite 101 Cedar Rapids,
IA 52402 rterpstra@tewlaw.net **Attorney for**
**Receiver RRC Des Moines, LLC dba NAI**
**Optimum**


Kevin H. Collins,
625 First Street SE, Ste 400
Cedar Rapids, IA 52401-2030
319-286-7000
Attorney for Basis Group LLC

E-FILED  2019 MAR 16 3:58 PM LINN - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR LINN COUNTY

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WFRBS COMMERCIAL MORTGAGE TRUST 2013-C18, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2013-C18 | ) ) ) ) ) ) ) | Case No. EQCV088053 |
| | ) | ORDER ON THIRD-PARTY |
| Plaintiff, | ) ) | PLAINTIFFS' MOTION TO DISQUALIFY AAND REMOVE |
| | ) | THIRD PARTY DEFENDANT |
| v. | ) ) | AS RECEIVER AND APPOINT AN IMPARTIAL RECEIVER |
| SECOND SUCCESSION, LLC; SECOND PROGRESSION, LLC; ASPECT, INC.; MODERN PIPING, INC.; NESPER SIGN ADVERTISING, INC.; JACOB DANIAL; and LISA ROSCOE, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| SECOND SUCCESSION, LLC; SECOND PROGRESSION, LLC; JACOB DANIAL; and LISA ROSCOE, | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WFRBS COMMERCIAL MORTGAGE TRUST 2013-C18, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2013-C18, | ) ) ) ) ) ) ) ) | |
| Counterclaim Defendant. | ) ) | |
| SECOND SUCCESSION, LLC; SECOND PROGRESSION, LLC; JACOB DANIAL; and LISA ROSCOE, | ) ) ) ) ) | |

1

EXHIBIT "C"

E-FILED  2019 MAR 16 3:58 PM LINN - CLERK OF DISTRICT COURT

|                                              |   |
|----------------------------------------------|---|
| Third-Party Plaintiffs,                      | ) |
|                                              | ) |
| v.                                           | ) |
|                                              | ) |
| WELLS FARGO BANK, N.A.,                       | ) |
| COMMERCIAL LOAN SERVICE;                     | ) |
| MIDLAND LOAN SERVICES, A                     | ) |
| DIVISION OF PNC BANK, NATIONAL               | ) |
| ASSOCIATION; DAVID BORNHEIMER;               | ) |
| KURT MUMM; NAI OPTIMUM N/K/A                  | ) |
| CUSHMAN WAKEFIELD; and BASIS                 | ) |
| GROUP, LLC,                                  | ) |
|                                              | ) |
| Third-Party Defendants.                      | ) |

On this date, the above captioned matter came before the undersigned for review on Third Party Plaintiffs' Motion to Disqualify and Remove the Third Party Defendant as the Receiver. The Third Party Defendant is NAI Optimum. NAI Optimum was appointed as receiver in this case by the Court on June 20, 2017. Third Party Plaintiffs point to the Iowa Code of Judicial Conduct, Iowa Code chapter 51, as authority in favor of disqualifying and removing NAI Optimum. The Iowa Code of Judicial Conduct does not apply to NAI Optimum, or any other party in this case; Iowa Code chapter 51 governs judges and judges alone.

Under Iowa law, receivers are not to be removed except on a showing of prejudice. "Where a receiver has accounted for all the property of the estate, and has reduced it to cash, there is no occasion for his removal for misconduct and the appointment of another." *Jordan v. Electrical Supply Co.*, 105 N.W. 160 (Iowa 1905). Indeed, absent a showing of bad faith a receiver shall not be removed. *Id.*

**THEREFORE IT IS ORDERED** that Third Party Plaintiffs' Motion to Disqualify and Remove the Third Party Defendant as the Receiver is hereby **DENIED**.

E-FILED  2019 MAR 16 3:58 PM LINN - CLERK OF DISTRICT COURT



### State of Iowa Courts

**Type:**          OTHER ORDER

**Case Number**     **Case Title**
EQCV088053       DEUTSCHE BANK TRUST  ETAL VS SECOND SUCCESSION
LLC

So Ordered

Fae Hoover Grinde, District Court Judge,
Sixth Judicial District of Iowa

Electronically signed on 2019-03-16 15:58:34     page 3 of 3