IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 19-01253 |
| | ) | Chapter 11 |
| Second Progression, LLC, | ) | |
| | ) | MOTION TO DISMISS AND REQUEST |
| | ) | FOR A 180-DAY BAR TO RE-FILING |
| Debtor. | ) | |

COMES NOW WFRBS 2013-C18 Third Avenue SE, LLC, its successors and assigns ("Secured Creditor"), by and through its attorneys, Davis, Brown, Koehn, Shors & Roberts, P.C., pursuant to 11 U.S.C. §1112(b) and 11 U.S.C. §349(a), and respectfully states to the Court the following in support of its Motion to Dismiss, which includes a request that Second Progression, LLC ("Debtor") be barred from re-filing a subsequent bankruptcy for no less than 180 days:

**Debtor Has Failed to Cure Its Filings Purporting to Commence This Case**

1.      This case should be dismissed, with a 180-day bar from refiling another bankruptcy case, because (i) Debtor has and continues to fail to adhere to the most basic requirements to be a debtor, and (ii) the present case was filed in bad faith.

2.      With respect to the Debtor's filings, Debtor has failed to file essential initial and requisite filings, and it is not even clear yet what direction Debtor wishes for this case to take.  Debtor's failure to comply with this Court's September 20, 2019 Order is a "for cause" basis for dismissal under 11 U.S.C. §1112(b)(4)(E).

3.      As previously noted at the Court's September 20, 2019 telephonic conference, the initial filings by the Debtor are, and remain deficient.  This Court entered the Proceeding Memo and Order (DN16) on September 20, 2019,

#3114401

requiring Debtor to file the necessary bankruptcy documents in this case by October 3, 2019. Although Debtor filed additional documents on October 4, 2019, Debtor's documents fall woefully short of complying with the Proceeding Memo and Order and do not include all appropriate documents.

4. For recent background on the Debtor's inadequate filings in this case, on September 11, 2019, Debtor purported to commence this case by filing a "Twenty Largest Creditors" filing (DN1). At that time, Debtor did not file a Petition. The case was also initially filed as an <u>involuntary</u> case under Chapter 11 of the United States Bankruptcy Code, with the Debtor's attorney as the Petitioning Creditor, although Debtor filed the case.

5. On September 16, 2019, the Court set this case for telephonic hearing on September 20, 2019 (DN 8).

6. On September 18, 2019, Debtor filed a Notice of Motion to Amend the Chapter 11 Case to a Chapter 7 (DN 10), stating that Debtor mistakenly filed this case as a Chapter 11, rather than a Chapter 7, as originally intended. Attached to this Notice of Motion was the initial Twenty Largest Creditors filing (DN 10-1), a copy of the Notice of Motion (DN 10-2), and a Voluntary Petition that indicated it is an amended filing, identifying this case as a Chapter 7 (DN 10-3). This Notice of Motion to Amend remains pending.

7. At the September 20, 2019 telephonic hearing, attorneys for the Debtor, Secured Creditor, U.S. Trustee, Chapter 7 Trustee, Aspect, Inc., a junior mechanic's lien holder,[1] and the receiver appointed in the below-identified state court case discussed with the Court the deficiencies with Debtor's initial filings. During the telephonic hearing, Mr. Critelli, as attorney for Debtor, advised that Debtor filed this case hastily given that a post-foreclosure judgment sheriff's

---

[1] In addition, the President of this mechanic's lien holder, Aspect, Inc. Steve Emerson, is a 25% equity membership owner of Debtor.

sale was scheduled on September 12, 2019, and that ***Debtor would hire a competent bankruptcy attorney and correct the deficiencies of the initial bankruptcy filing***.

8.  The Court granted Debtor 14 days to correct the deficiencies and, pursuant to the Proceeding Memo and Order, directed Debtor to "file the appropriate documents in this case" by October 3, 2019 (DN 16).

9.  On October 4, 2019, Debtor filed two documents: a) a Voluntary Petition (DN 22) that indicated it is an amended filing, identifying itself as a Chapter 11, and b) a Motion to Convert or Amend the Debtor's Case to a Voluntary Chapter 11 and to Accept the Petition Filed Herewith (DN 23). Debtor filed no other document to correct its initial filing deficiencies and despite representations to the contrary, Debtor did not retain other counsel for this case; Mr. Critelli remains Debtor's sole attorney in this case.

10. Debtor's October 4, 2019 filings only serve to exacerbate the deficiencies of its initial filings and the overall problems in this case. Debtor still has not filed the Declaration that is required (Form 202). Debtor still has not filed an actual List of 20 Largest Unsecured Creditors (Form 204). No Schedules have been filed (Form 206). No Statement of Financial Affairs has been filed (Form 207). And no Disclosure of Compensation form has been filed (Form 2030). See Bankruptcy Rules 1007, 7007.1 for filing requirements.

11. In addition, nothing of record supports that Debtor obtained the appropriate membership authorization to commence this case.[2] The initial filings

---

[2] Based on discussions between Secured Creditor's attorney and Aspect, Inc.'s attorney, there are questions whether Debtor had obtained appropriate authorization to file this case. Debtor's Operating Statement requires 80% approval to commence a bankruptcy case and Steve Emerson, the President of Aspect, Inc. and a 25% membership owner of Debtor, advised that his required authorization to commence this case, which was not obtained.

were deficient in these respects, and more, and the recent filings do not correct these deficiencies.

12. As of now, Debtor has several competing and rather confusing requests with the Court pending and not withdrawn; Notice of Motion to Amend the Chapter 11 Case to a Chapter 7 (DN 10), and a pending Motion to Convert or Amend the Debtor's Case to a Voluntary Chapter 11 and to Accept the Petition Filed Herewith (DN 23). Given this, it remains completely unclear what direction - Chapter 7 or Chapter 11 - Debtor wishes for this case to take. Regardless of the intended direction, the failure to file even the most basic and foundational bankruptcy filings is cause alone for dismissal.

13. Another purpose of providing Debtor additional time to enable Debtor to engage a competent bankruptcy attorney that could give Debtor proper direction with regard to bankruptcy filing requirements. Debtor did not do so. Instead, the recent filings were filed by Mr. Critelli, who filed the initial filings and represented to the Court that Debtor would engage a competent bankruptcy attorney.

14. There are also issues with the recent filings themselves. The recently filed Voluntary Petition (DN 22), although filed on October 4, 2019, identifies the same date for the date of signature of its authorized representative - September 18, 2019 - as the Voluntary Petition filed as an Exhibit on September 18, 2019 (DN 10-3).

### Debtor Filed this Case in Bad Faith

15. Debtor filed this case in bad faith – solely for the purpose of delay of Secured Creditor's state court rights.

16. Debtor is the owner of certain real property situated in Linn County, Iowa, locally known as 600 3rd Avenue SE, Cedar Rapids, IA 52401(hereinafter referred to as the "Property").

17. Secured Creditor is the holder of a foreclosure judgment issued in by the Iowa District Court for Linn County ("State Court") in Equity No. EQCV088053, <u>WFRBS 2013-C18 Third Avenue SE, LLC v, Second Succession, LLC, et al.</u> ("State Court Case") against the Property in the amount of $30,561,084.64, together with interest at the rate of $6,867.76 per diem from July 1, 2019 (exclusive of its costs, including attorneys' fees, and other accruals). A copy the foreclosure judgment is attached hereto as Exhibit "A". A copy of the Verified Statement filed by Secured Creditor to identify the amount accrued pursuant to the foreclosure judgment as of July 1, 2019 is attached hereto as Exhibit "B".

18. Secured Creditor is also the holder in due course, and the party with the right to enforce, all loan documents relating to a loan to Debtor, to the extent such loan documents have not been reduced to judgment by the foreclosure judgment.

19. This case was commenced mere hours before a continued sheriff's sale of the Property was scheduled for 10:00 a.m. on September 12, 2019.

20. Trial of the *in personam* claims against the Debtor in the State Court Case was scheduled to begin September 16, 2019 before the Honorable Fae Hoover-Grinde.

21. This was just another example of Debtor's bad faith efforts to delay Secured Creditor from realizing value from its security interest in the Property that began well before in the State Court Case. Previously, Debtor attempted, but failed, in its efforts in State Court to vacate the foreclosure judgment, in an attempt to stay a sheriff's sale.

22. On August 26, 2019, days before a sheriff's sale of the Property scheduled for August 29, 2019, Debtor filed a Petition Pursuant to RCP 1.1012 et. seq. to Vacate the Judgment and Decree of Foreclosure entered on April 9, 2019 ("Petition to Vacate"). A copy of the Petition to Vacate is attached hereto as Exhibit "C". A copy of the Notice filed with the Petition to Vacate, which also identifies itself as a Motion to Stay the Sheriff's Sale Pending Resolution of These Matters, is attached hereto as Exhibit "D".

23. On August 28, 2019, a day before the scheduled sheriff's sale of the Property, Debtor filed another Motion to Stay the Sheriff's Sale, a copy of which is attached hereto as Exhibit "E".

24. Because the State Court was unable to immediately hear the matter, it entered a temporary stay of the sheriff's sale that then was scheduled for August 29, 2019. A copy of the Order granting the temporary stay is attached as Exhibit "F".

25. On August 30, 2019, the State Court held a telephonic hearing, heard arguments from counsel, considered the Debtor's Motion to Stay the Sale, and overruled such Motion, concluding that: "there was no basis to stay the sale". A copy of this Order is attached as Exhibit "G".

26. On September 5, 2019, Debtor filed a Motion seeking reconsideration of this Order. A copy of this Motion is attached as Exhibit "H". This relief sought by Debtor was not granted.

27. On the eve of the September 6, 2019 final pre-trial conference in the State Court Case, Debtor represented it fired Mr. Critelli as its counsel. Debtor, through former counsel Mr. Critelli, filed a Status Report by which it sought a trial continuance, based on its termination of Mr. Critelli. A copy of the Status Report/Motion to Continue is attached hereto as Exhibit "I".

28. By its Order entered September 9, 2019, the State Court denied the Motion to Continue the trial and directed that trial would proceed on September 16, 2019. A copy of this Order is attached hereto as Exhibit "J".

29. By its Order entered September 11, 2019 (p.2 of 9), the State Court confirmed again that the Debtor's Motion to Continue trial was denied and that trial would proceed on September 16, 2019. A copy of this Order is attached hereto as Exhibit "K".

30. Notwithstanding all of this, the Property is well under-water and its value is less than the amount owed to Secured Creditor. There is, however, a receiver appointed in the State Court Case with respect to the Property.[3]

**Cause Exists to Dismiss This Bankruptcy Case with Prejudice and with a Bar From Re-Filing**

31. Section 1112(b)(1) of the Bankruptcy Code allows for dismissal of this case in the present circumstances, as follows:

> (1)Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, **for cause** unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.(emphasis supplied)

32. A non-exclusive list of what constitutes cause for dismissal is set for at Section 1112(b)(4) of the Code.

33. Failure to make the essential filings to initiate a case under Chapter 11 is cause for the dismissal of this case. As is demontrated in paragraphs 2

---

[3] By Order Granting Motion for Excusal with Compliance (DN 19), the Receiver is presently excused from compliance with the turnover responsibilities of 11 U.S.C. §543.

-7-

through 14 above, Debtor has failed to file even the most basic and foundational initial filings to allow parties-in-interest and this Court to determine Debtor's desired direction for this case.

34. Cause also exists under Section 1112(b)(4)(E) given that Debtor failed to comply with the Proceeding Memo and Order, as is demonstrated in paragraphs 7 to 14 above.

35. Cause for dismissal, within the meaning of Section 1112(b)(1), also exists in this case because the case was filed in bad faith without any hope of a reorganization. Debtor filed this case for the sole purpose of delaying the sheriff's sale of the Property and continuing the September 16, 2019 trial date, relief that was repeatedly denied by the State Court upon requests from Debtor. Bad faith is proved "where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose." Forever Green Athletic Fields, Inc. v. Dawson, 514 B.R. 768, 788 (E.D. Pa. 2014).

36. Filings for the sole purpose of delaying a sheriff's sale is the textbook example of a bad faith bankruptcy filing, and the manner and timing in which Debtor filed this case is the textbook example of filing for the sole purpose of delaying a sheriff's sale. Mr. Critelli expressly admitted at the telephonic hearing that this case was filed in haste to delay the sheriff's sale.

37. There is no "reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings." NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.), 384 F.3d 108, 119–20 (3d Cir. 2007).

38. No valid bankruptcy purpose would be served by this case as there is no hope of reorganization here. The sole reason of the filing was for a tactical litigation advantage and when that is done, the filing is not in good faith.

NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.), 384 F.3d at 119–20 (citing In re SGL Carbon Corp., 200 F.3d 154, 165 (3d Cir. 1999)).

39. A bar from re-filing is appropriate here. Dismissal of this case will not bar re-filing unless this Court exercises its authority under Section 349(a) to dismiss with prejudice with a bar to re-filing as Debtor may simply file another bankruptcy case soon after this one is dismissed – in the same shotgun fashion it filed this one. Section 349(a) of the Code provides that:

> (a)**Unless the court, for cause, orders otherwise**, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

40. In addition, pursuant to Section 105(a), the court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Section 105(a) provides an additional basis for the Court to both dismiss this case and bar re-filing for 180 days.

41. Debtor's attorney has engaged in the past practice of bad faith filings and has been barred from appearing in bankruptcy court as counsel. Attached hereto as Exhibit "L" is the Consent Order Granting the United States Trustee's Motion for Order to Show Cause.

42. Mr. Critelli admitted at the telephonic hearing that this case was filed in haste to delay the sheriff's sale - a bad faith reason to file - and Mr. Critelli continues to act as the Debtor's attorney despite representing at the telephonic hearing that a competent bankruptcy would be engaged by Debtor, which, as noted above, Debtor did not do.

43. Secured Creditor would be greatly prejudiced if Debtor were allowed to file serial bankruptcy cases, in continued bad faith, in order to further stay the sheriff's sale of the Property, and the trial of the *in personam* claims joined in the State Court Case.

44. Given the Debtor's previous actions to hinder and delay Secured Creditor from realizing the value of its security interest in the Property pursuant to a sheriff's sale, there is every reason to believe that Mr. Critelli and Debtor will re-file another bankruptcy case to seek further delay unless this Court bars a re-filing.

45. As this Court knows, there are 3 related bankruptcy case filings: *In re Second Succession, LLC*, Case No. 19-01272 filed September 13, 2019; *In re Jacob Danial*, Case No. 19-01270 filed September 13, 2019 and *In re Lisa Roscoe*, Case No. 19-01271 also filed September 13, 2019.

46. Each of these bankruptcy cases were similarly filed in bad faith, and Secured Creditor will seek appropriate relief in each based on the respective debtors' bad faith.

47. Secured Creditor is relying on the attached exhibits as compliance with Local Rule 4001-1. Failure to timely object to the introduction of the attached exhibits into evidence shall result in their admissibility pursuant to Local Rule 9070-1.

WHEREFORE, WFRBS 2013-C18 Third Avenue SE, LLC respectfully requests that upon final hearing on this Motion that the present case be dismissed for "cause", as prescribed by Section 1112(b), and further requests a bar to re-filing for 180-days. In other words, Secured Creditor requests that the Order dismissing this proceeding be "with prejudice", and contain a bar to re-filing another bankruptcy case for 180-days or such time as will allow the Linn County Sheriff to

sell the Property at sheriff's sale and for the State Court to re-schedule and conduct the trial previously scheduled for September 16, 2019, and for such other and further relief as is just and equitable in the circumstances.

Dated: October 9, 2019.

                Respectfully submitted,

                 /s/ Mark D. Walz
                Mark D. Walz (IS9999605)
                Davis, Brown, Koehn, Shors & Roberts, P.C.
                4201 Westown Parkway, Suite 300
                West Des Moines, Iowa 50266
                (515) 246-7898
                mark.walz@lawiowa.com

                Robert Hammeke (pro hac vice)
                DENTONS US LLP
                4520 Main Street, Suite 1100
                Kansas City, Missouri 64111
                Telephone:  (816) 460-2400
                Facsimile:  (816) 531-7545
                robert.hammeke@dentons.com

                ATTORNEYS FOR WFRBS 2013-C18 THIRD AVENUE SE, LLC

Copy to:

United States Trustee's Office
111 7th Ave., S.E.  Box 17
Cedar Rapids, IA  52401-2101

L. Ashley Zubal
U.S. Trustee
Federal Building
210 Walnut Street, Rm 793
Des Moines, IA 50309-2108

Mark A. Critelli
2924 104th Street
Urbandale, IA 50322

Christopher K. Loftus
SIMMONS PERRINE MOYER BERGMAN PLC 115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
cloftus@spmblaw.com

ATTORNEYS FOR ASPECT, INC.

H. Raymond Terpstra
Terpstra & Epping
3600 First Avenue NE, Suite 101
Cedar Rapids, IA 52402

Attorneys for NAI Optimum, Receiver

The cm/ecf service list

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause by depositing the same in the U.S. Mail, postage per-paid, to their respective mailing addresses disclosed on the pleadings or, in the event the party is represented by counsel, to their counsel; or notice of the filing of this instrument was sent by e-mail, via CM/ECF, to all parties on the service list who have registered to receive service by e mail over CM/ECF, on October 9, 2019.

Signature: s/s Mark D. Walz