## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Bankruptcy No. 19-01253 |
| Second Progression, LLC, | ) | |
| | ) | **ACTING UNITED STATES TRUSTEE'S** |
| Debtor in Possession. | ) | **MOTION TO DISMISS CASE** |

The Acting United States Trustee ("UST") for Region 12, through the undersigned Trial Attorney, hereby moves the Court to dismiss the above Chapter 11 case. In support of said Motion the UST alleges as follows:

*Factual Background*

1. This case commenced upon Debtor filing, in error, an involuntary Chapter 11 case under the Bankruptcy Code on September 11, 2019. At the time of filing, a voluntary petition was not filed. Rather, Debtor filed a "Twenty Largest Creditors" form twice. (doc. 1).

2. Given the deficient filings and confusion surrounding Debtor's involuntary filing, the UST refrained from his initial chapter 11 protocol of soliciting creditors regarding the appointment of an unsecured creditor's committee or the forwarding of the initial financial report to Debtor for completion. The circumstances of the case filing would not allow the UST to proceed as usual, resulting in a standstill.

3. On September 16, 2019, the Court scheduled a telephonic hearing for September 20, 2019. (doc. 8).

4. Rather than taking the appropriate procedural steps to, either, dismiss and refile under Chapter 7 or motion to convert to Chapter 7, on September 18, 2019, Debtor filed a Notice of Motion to Amend the Chapter 11 Case to a Chapter 7. (doc. 10). Debtor again attached the "Twenty Largest Creditor" form, a copy of the Notice of Motion, and a Voluntary Petition electing the case as one under Chapter 7. The Petition noted the nature of Debtor's business consists of a single asset real estate as defined under 11 U.S.C. § 101(51B).

5. During the telephonic hearing on September 20, Mr. Critelli acknowledged the following:

- That the case was inappropriately filed as an involuntary Chapter 11;
- That competent bankruptcy counsel would need to be acquired to represent Debtor going

1

forward; and,

- That the bankruptcy was filed in an effort to avoid an impending sheriff sale of Debtor's real estate.

5. The Court subsequently entered an order directing Debtor to file all appropriate documents by October 3, 2019. (doc. 16).

6. To date, Debtor has not met the procedural filing requirements expected of all debtors in a voluntary bankruptcy filing. Debtor further failed to comply with the Court's Order by October 3, 2019. Debtor has not sought an extension to meet either the filing requirements or to comply with the Court's Order.

7. On October 4, 2019, Debtor filed an Amended Voluntary Petition electing the case under Chapter 11, along with a Motion to Convert or Amend the Debtor's Case to a Voluntary Chapter 11 and to Accept the Petition Filed Herewith. (doc. 23). Despite advising the Court that competent bankruptcy counsel would be retained, the October 4 filings occurred under Mr. Critelli as counsel for Debtor.

8. The attempt to now motion to convert to 11 (while the notice of motion to convert to Chapter 7 is pending) does not excuse Debtor's obligation to comply with Bankruptcy Rule 1007, *et seq.* and more importantly, the Court's Order to comply with the basic administrative filing requirements upon the commencement of a case. The result is a continuing delay which is prejudicial to creditors and an inability with respect to all parties in interest with moving forward with the case. In any event a proper meeting of creditors cannot be scheduled or conducted because creditors have not been properly scheduled and therefore cannot be noticed.

9. For the reasons set forth in Paragraphs 1-8 herein, ample cause exists to dismiss Debtor's case. Because it is not entirely clear under what chapter Debtor's case is currently pending, those grounds exist under either Sections 1112(b) or 707(a) resulting from Debtor's failure to meet filing requirements, failure to comply with a court order, and prejudicial delay to creditors.

10. The UST further asserts that Debtor's filing is indicative of bad faith as additional grounds for

dismissal. Accordingly, the UST submits that the Court should consider if a bar from re-filing is appropriate pursuant to 11 U.S.C. § 105(a).

### *Bad Faith as Cause for Dismissal*

11. Debtor is the owner of real property, address described as 600 3rd Ave. SE, Cedar Rapids, Iowa 52401, located in Linn County, Iowa (the "Property").

12. WFRBS 2013-C18 Third Avenue SE, LLC ("WFRBS") obtained a foreclosure judgement against the Property in the amount of $30,561,084.64, plus interest.[1] WFRBS attached to its Motion to Dismiss relevant documents related to the foreclosure. (doc. 26 and attachments). The Court in the foreclosure matter also appointed a Receiver, NAI Optimum, with respect to the Property.

13. Debtor commenced the filing of this case within a day of a scheduled sheriff's sale on the Property, or September 12, 2019.

14. The Receiver requested and this Court granted the Receiver's excusal with compliance of the turnover provisions under 11 U.S.C. § 543. (docs. 6 and 19).

15. WFRBS also initiated *in personam* litigation against Debtor. Those claims were scheduled to go to trial on September 16, 2019. The filing of this case stayed those proceedings as well.

16. As set forth in WFRBS's Motion to Dismiss, the State Court foreclosure action had been ongoing for years. The Property at issue is valued significantly less than what is owed to WFRBS. Accordingly, it does not appear there is any reasonable likelihood of a reorganization.

17. Although not one of the sixteen grounds for dismissal promulgated in 11 U.S.C. § 1112(b)(4), several circuit court opinions have recognized and affirmed the authority of bankruptcy courts to dismiss chapter 11 cases that fail to meet a good faith standard. *See In re Madison Hotel Assoc.,* 749 F.2d 410, 426 (7th Cir. 1984) (*dicta*); *See also SGL Carbon,* 200 F.3d at 160-61; *Marsch v. Marsch,* 36 F.3d 825, 828 (9th Cir. 1994); *In re Natural Land Corp.,* 825 F.2d 296 (11th Cir. 1987); *In re Little Creek Development Co.,* 779 F.2d 1068 (5th Cir.

---

[1] WFRBS 2013-C18 Third Avenue SE, LLC v. Second Succession, LLC, et al, Linn County, Iowa, Case No. EQCV088053.

1986). A debtor's lack of good faith constitutes cause for dismissal of a Chapter 11 petition. *In re SGL Carbon,* 200 F.3d at 160-62; *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir. 1988); *In re Ravick Corp.,* 106 B.R. 834, 842 (Bankr. D. N.J. 1989)(finding it well settled debtor's bad faith filing sufficient cause to warrant dismissal of a case under Section 1112(b)); *See also Matter of Newark Airport/Hotel Ltd. Partnership,* 156 B.R. 444 (Bankr. D. N.J. 1993) (lack of good faith is sufficient cause for dismissal or conversion of Chapter 11 case).

18. It is the burden of the debtor to establish that the petition was filed in good faith. *In re SGL Carbon,* 200 F.3d at 162 (citing *In re Fox,* 232 B.R. 229, 233 (Bankr. D. Kan. 1999)); *Stage I Land Co. v. United States*, 71 B.R. 225, 229 (D. Minn. 1986)).

19. While a Chapter 11 filing arising out of a two-party dispute or triggered by a state court proceeding does not *per se* constitute a bad faith filing, those are factors to be considered in determining if a case was commenced in good faith. *In re Ravick,* 106 B.R. 834, 850 (Bankr. D.N.J. 1989); *In re SGL Carbon,* 200 F.3d at 162; *Matter of Newark Airport/Hotel Ltd.,* 156 B.R. at 449. The court in *In re AMC Realty Corp.*, considered the following factors in determining a bad faith filing:

> Over the years, a number of factors have been identified which may be indicative of a bad faith filing, and whose presence, or absence, has regularly been considered:
>
> (1) the debtor has only one asset;
>
> (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
>
> (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
>
> (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
>
> (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
>
> (6) the debtor has little or no cash flow;
>
> (7) the debtor cannot meet current expenses including the payment of personal property and real estate taxes; and

4

(8) the debtor has no employees.

270 B.R. 132, 141 (Bankr. S.D. N.Y. 2001); citing *C-TC 9th Avenue Partnership,* 113 F.3d 1304, 1311 (2d Cir. 1998) (citing *Pleasant Pointe Apartments, Ltd. V. Kentucky Hous. Corp.,* 139 B.R. 828, 832 (W.D. Ky. 1992)).

20. Other courts have dismissed cases as bad faith filings for a variety of reasons, including but not limited to: (1) when the petition is filed merely as a litigation tactic; (2) when the petition was filed solely to frustrate the legitimate efforts of other parties to enforce their rights; (3) when the debtor lacks a valid reorganizational purpose; and (4) when the debtor's sole motive is to avoid a contract. *See In re SGL Carbon Corp.; In re Ravick Corp.; See also In re Y.J. Sons & Co., Inc.,* 212 B.R. 793 (D. N.J. 1997); *In re HBA East, Inc.,* 87 B.R. 248 (Bankr. E.D. N.Y. 1988); *In re Heritage Wood >N Lake Estates, Inc.,* 73 B.R. 511, 514 (Bankr. M.D. Fla. 1987). Likewise, *In re South Beach Securities, Inc.* 341 B.R. 853, 856-57 (N.D. Ill. 2006) the court found the factors relevant to determining good faith were determining whether:

> 1) [T]he debtor has any assets; 2) the debtor has recently transferred assets; 3) the debtor has any employees; 4) the debtor has any cash flow to sustain reorganization; 5) the debtor has any chance of confirming a reorganization plan; 6) the debtor and one of its creditors have reached a standstill in state court litigation; 7) the debtor is trying to delay its creditors or reduce their rights; 8) there are allegations of wrongdoing by the debtor or its principals; or 9) bankruptcy offers the only possibility of preventing the loss of property.

21. Upon information and belief, all factors as set forth in Paragraph 19 herein are applicable in this case. The UST will not detail the factual circumstances related to each factor as WFRBS, more intimately and directly involved, has scrupulously enlightened the Court to same in its Motion to Dismiss. By way of summation, they include, but are not limited to:

a. Debtor has only one asset.

b. The Property of Debtor is encumbered by a contract between WFRBS and Debtor and the subject of a foreclosure action with judgment entered in favor of WFRBS.

c. The timing of Debtor's case filing, one the eve of sheriff sale of the Property and days before trial on the *in personam* claims, as well as Mr. Critelli's statement on the record that the filing took place to cancel the sheriff sale, evidences an intent to delay and frustrate the legitimate efforts of

       WFRBS to enforce their rights.

  d. The secured portion of FB's claim as represented by Debtor appears to be severely understated, thereby causing Debtor's liabilities to exceed assets, rendering a legally and economically feasible plan of reorganization unlikely.

  e. Because the value of Debtor's single asset is considerably less than WFRBS, there would be no return to unsecured creditors. Thus, Debtor's financial condition is, in essence, a two party dispute which can be resolved in the State Court action.

  f. Debtor has no cash flow or employees.

22. Mr. Critelli also admitted on the record that he is not competent to represent Debtor in this case. This further evidences that Debtor's filing was done only to frustrate the pending litigation and not to further any legitimate reorganization effort. The statement evidences bad faith on its face.

23. The dispute between WFRBS and Debtor should be resolved in the pending State Court matter. In light of the circumstances, it is obvious relief was sought only to delay and frustrate ongoing litigation which has nearly reached its conclusion. Debtor has not provided the Court or any other interested party with assurance that it has any intent to comply with the Code. The UST has reached out to Mr. Critelli regarding these cases and has received no response. There is no reason to believe Debtor is serious about attempting to reorganize.

24. To prevent further delay and to allow the underlying State Court matters to be heard and finalized, this Court should exercise its inherent power under Section 105(a) and implement a reasonable bar on re-filing under Title 11.

WHEREFORE the Acting United States Trustee respectfully requests the Court dismiss Debtor's case and for such other relief the Court deems just and equitable.

///

///

        **James L. Snyder**,
Acting United States Trustee
Region 12


By:/s/ L. Ashley Zubal
**L. Ashley Zubal**
ID # IS9998256
Federal Building, Room 793
210 Walnut Street
Des Moines, Iowa 50309-2108
Ph: (515) 323-2269
Ashley.Zubal@usdoj.gov

7

CERTIFICATE OF SERVICE

The undersigned certifies that copies of this document were served on the parties listed below by electronic mail or first-class mail, postage prepaid, on October 15, 2019:

- **Jeffrey W. Courter**  jwc@nyemaster.com, krenslow@nyemaster.com
- **Mark A Critelli**  critellilawfirm@gmail.com
- **Christopher K Loftus**  cloftus@SPMBLAW.com, ferbe@spmblaw.com
- **H. Raymond Terpstra**  RTerpstra@TEWLaw.net, ncihla@tewlaw.net
- **United States Trustee**  USTPRegion12.CR.ECF@usdoj.gov
- **Mark Daniel Walz**  markwalz@davisbrownlaw.com

**Robert Hammeke**
Dentons US LLP
4520 Main Street, Suite 1100
Kansas City, MO 64111

                                 */s/ L. Ashley Zubal*
                                 L. Ashley Zubal