IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re: Second Progression LLC | ) CaseNo. 19: 01253 <br> ) <br> ) <br> ) RESISTANCE TO MOTION <br> ) TO DISMISS <br> ) <br> ) <br> ) <br> ) |

**COMES NOW,** the Debtor by and throughits undersignedattorney andrespectfully requests the Court to deny the Motion to Dismiss and states to the Court as follows: The Motion indicates the Debtor has failed to cure its initial filing deficiencies. The Creditor, however, fails to recognize that the case is no longer a Chapter 7 case.The Debtor acknowledges the deficiencies in the Chapter 7 filingand filed a Motion to Convert to Chapter 11 which corrects the deficiencies in the Chapter 7 filing as it no longer exists. Accordingly, the Debtor is complying with the Court's September 20, 2019 order to clean up the filings. Accordingly, the Debtor's mistakes and deficiencies in its Chapter 7 filing are moot.The remedy sought by the Creditor is simply not available to a Chapter 11 case. It is very clear the Debtor is seeking to convert its case to a Chapter 11.

TheDebtor believes that reorganization is both viable and, given the track record of the Debtor's operation of the properties prior to the conduct and diversion of funds by Wells Fargo and PNC Midland and the Receiver that form the Debtor's Counterclaim, feasible. The Debtor's Counterclaims are a substantial asset.

The Receiver reports that the current monthly income is in excess of **$325,000.00**(Three Hundred Twenty Five Thousand Dollars) per month. Thus, the properties have generated close **to $4,000.000.00** (Four Million Dollars) per yearand there have been no mortgage payments or payments to reduce the mortgage in three years. Prior to the breach of fiduciary duty by Wells Fargo and then PNC Midland and the Receiver acting jointly, the buildings were fully rented and paying the mortgage payments and producing monthly cash flow which reduced the mortgage balance from $25,500,000.00 to $23,500,000.00.Reorganization is sought in good faith and with the confidence that the Debtor can get the operation of the properties back on track if permitted to avail itself of the powers available in a Chapter 11 case.

On page seven of the Motion to Dismiss, the Creditor references the Court's excusal of the Receiver with the funds turnover responsibilities set out in the Code. This is something we are asking the court to reconsider because its vital to the reorganization that the debtor be a debtor in possession without the now in place Receiver since the Receiver has been part and parcel of the diversion of funds and relocating tenants in collusion with PNC.

Given that Mr. Steve Emerson, a Member of Second Succession LLC and president of Aspect Inc who is also suing Deutsche Bank (arising out of the foul play that forms the basis of the Debtor's Counterclaims)  representing him as not having consented to filing bankruptcy is incorrect.  Mr. Emerson is well aware of and has consented to the Chapter 11 fillings and stands to benefit by the Chapter

11 and the Counterclaims. In addition, Mr. Emerson was to be a major witness to the foul play perpetrated by Wells Fargo and PNC Midland and the Receiver. The Receiver approached Mr. Emerson through Mr. Jon Viggers to see if he wanted in on the deal that they were putting together to run the properties into the ground and then form a new third-party company to acquire the properties at pennies on the dollar. Mr Steven Emerson reported this to the other members of the Second Succession LLC and Second Progression LLC.

ADDRESSING THE MOTION IN MORE DETAIL

1: Section one of the motion states the Debtor failed to cure its fillings –*See* the discussion above.

2: In the Motion, the Secured Creditor cites legal authority appropriate to and as if the case is a Chapter 7 case – the Court was appraised that the case was mis-filed and we would be converting the case to a Chapter 11 and that's why the Court ordered the corrections of the fillings, so the Motion cannot treat the case as a Chapter 7 filing. Therefore, anything in the Motion that treats the case as a Chapter 7 filing is wrong and should be disregarded.

3: The Motion indicates the Debtor has failed to file the essential initial and requisite fillings and it is not clear what direction the Debtor wishes to take.  The Debtor's Amended filling from a Chapter 7 to a Chapter 11 shows a clear intent of the direction the Debtor wants to take and is exactly what was discussed on the Telephonic Hearing and is simply why the Judge allowed / ordered the Debtor to cure the fillings. The Motion states that the Debtor's failure to comply with the courts order is a for cause ground for dismissal under 11 U. S.C. § 707 (a) – The Debtor did comply with the Courts order of September 20,2019. – *See the discussion above.*

4: The Motion states that the Debtor filed additional documents on October 4th but the documents woefully fell short. That date pertains to the Chapter 7 filing of Lisa Roscoeand Jacob Danial. Even if it did pertain to the instant Debtor, the Creditor is not prejudiced by one day. This individual Debtors were only required by the Court Order to correct the initial fillings and have now moved to Dismiss the Chapter 7 Petitions and Case. This cures the deficiencies. Upon receipt of the Court's blessing to go forward, the Debtor herein will have experienced Chapter 11 counsel who will provide all required fillings under the Chapter 11 requirements

5: The Motion indicates that the Debtor fileda  bare bones Voluntary Petition and the undersigned was advised by the Clerk that only a Form B201, a creditor matrix and a list of the 20 largest creditors needed to be filed under the circumstances. These have been filed several times.

6: The Debtor attended the Telephonic Hearing by telephone.

7: The Motion indicates that Mr. Critelli indicated that the Debtor would hire a competent Bankruptcy attorney going forward. The Debtor in this case has diligently been looking for new counsel to further handle the Bankruptcy. The following firms and attorney have been contacted: Hong Law Firm, Rush M. Shortly (who agreed to come in as co-counsel if he could fit it into his schedule), Sam Marks ( who does only Chapter 7s), Steve Wandro (tobusy), Robert Gainer (who called Mr. Critelli several weeks before the decision was made to file for bankruptcy and offered to take over the case but when the time did come, was not available), Joseph A. Peiffer (conflict of interest in Mr. Pfeiffer's opinion), the Janssen Law Firm (to busy). The pool of attorneys who presently handle chapter 11 bankruptcies is dramatically reduced since the Code was changed in 2005. The Debtors need additional time to seek Chapter 11 counsel in Detroit with Mr. Shortly, hopefully, as local counsel.

8: The Motion indicates that the Court granted 14 days to correct the deficiencies which was required to filed by October 3rd for the Chapter 7 cases. The Chapter 7 Debtors have asked to dismiss their cases or in the case of the business entities, to convert to a Chapter 11.

9: The Motion indicates the Debtor filed 3 documents on October 4th. *See* responses at paragraphs 4 and 7 above.

10: The Motion indicates that the October 4th fillings only serve to exacerbate the fillings and the overall problems in the this case and debtor has not filed the Declaration that is required (Form 202) and has not filed a list of the 20 largest creditors (Form 204) and a statement of financial affairs (Form 207). *See* Paragraph 5 above. The Debtor filed exactly what the Clerk indicated at the time of the filing and if the Chapter 11 filing requires additional forms to be filed, the forms will be filed after the courts blessing to move forward with the Voluntary Chapter 11.

11: The Motion indicates that nothing of record supports that Debtor obtained appropriate membership authority to commence this case. The Chapter 11 filling were openly discussed with all Members of Second Succession LLC and Second Progression LLC including member Steven Emerson and further Steven Emerson is a counter Plaintiff in the underlying action and his company Aspect INC also has a claim in the underlying case. (Note: the footnotes in the motion to dismiss only indicate that there is question whether the Debtor had obtained appropriate authorization and is based on hearsay discussion).

12: The Motion indicates that another purpose of providing Debtor additional time was to enable Debtor to engage counsel to provide direction with regard to the Bankruptcy fillings – This is not correct; the Chapter 7 Debtors wereto correct the fillings. As discussed above, the entity Debtors are diligently and we indicated that we were

seeking new counsel to handle the ongoing Bankruptcy and we are doing so, the Court's Order does not indicate that the entities have to have new counsel, it only indicates that the Chapter 7 Debtors need to correct the fillings

14: The Motion indicates Debtor's October 4th filing wishes to proceed in a Chapter 11 and which is contrary to Mr. Critellii's representations at the September 20th hearing that the entity was going to proceed in a Chapter 7, this incorrect, the Debtors intended to convert from a involuntary Chapter 7 to a Voluntary Chapter 11 filing.

15: The motion indicates that the fillings were filed in Bad Faith for the purpose of delaying the State Court Action. The Motion cites no authority and cannot cite authority that a Bankruptcy filing to stay a sale of real estate is per se bad faith. The Foreclosure Order resulted from failure to resist the summary judgment motion not some sort of bad faith by the Debtor. The Counterclaims and Cross Claims are alive and well and are substantial assets for the Trustee to pursue as part of the re-organization.

The Debtors jointly were unaware of the entry of the Foreclosure Order until they received Notice of the Sheriff's Sale. At that point, and with very little time before the Sheriff's Sale, they determined that a bankruptcy filing was necessary. An unsuccessful attempt was made then to find bankruptcy counsel in Cedar Rapids to handle the filings. Accordingly, the Debtors' counsel proceeded to file the documents necessary to commence bankruptcy cases for all the Debtors. The filings were not correctly done which the Debtors regret. The Debtors have been trying to sort out the errors made since then.

The Bankruptcy Code has always had accommodation for emergency filings. An emergency filing may be called for in the case of a surprise turn of events as is the

situation in this case. This does not make the filing a bad faith filing but simply a filing with inadvertent errors using the public national forms available on the Court website.

18: The Motion disregards the basic fact that the Secured Creditor, even as a holder in due course, **does not have a right to foreclose on real property when the loan was forced intodefault by the conduct of the agents of the Secured Creditor who did nothing whatsoever to mitigate the damages from the deliberate acts of its agents, Wells Fargo and PNC Midland and the Receiver.**

The public purpose of the Bankruptcy Code and process is to give Debtors a fresh start. This case certainly meets that criterion from the entry of an order for foreclosure, to the failure of the secured creditor to mitigate the damages arising from the acts of its agents, and the misfortune of the Debtor to retain counsel inexperienced in Chapter 11 bankruptcy filings, this corporate Debtordeserves a freshy start. This is a multi-asset case given the Debtors 1) Counterclaims and 2) Cross Claims, plus yet another 3) claim against the original lender (the Basis Group) that was dismissed from the state court proceedings without prejudice, as well as a 4) malpractice suit against Shuttleworth and Ingersoll in Linn County District Court (*Roscoe et. al. v. Prowell,* et. al. , Case No. LACV091673) being handled by Mr. Joe Cacciatore for the Debtors concerning themishandling of the loan closing with the Basis Group. Demonstrably the Debtor has the means and the experience to get these properties back on their feet financially to the benefit of the City of Cedar Rapids, Eastern Iowa generally and the investors of the Debtor.

 **WHEREFORE**, the Debtor respectfully requests the Court to deny the Motion to Dismiss and to permit the Debtor to proceed with a Chapter 11 Bankruptcy and to give the Debtor adequate time to retain experienced Chapter 11 bankruptcy counsel for this complex commercial case

Original filed by Efiling

  /s/MarkA.Critelli
Critelli Law Firm
P.C. 2924 104th
Urbandale, Iowa 50322
(515) 255-8750
(515) 255-0906 (fax)
mark@critellilawfirm.com
ATTORNEY FOR DEBTOR ROSCOE

Case 19-01253    Doc 32    Filed 10/15/19    Entered 10/15/19 20:24:58    Desc Main
              Document      Page 9 of 9